IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JAMES OWENS and MELISSA OWENS, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Case No. 09-cv-0967-MJR |
| FLEET CAR LEASE, INC., FLEET CAR CARRIERS, INC., CCJ AUTO TRANSPORT, INC., COTTRELL, INC., & UNKNOWN DEFENDANTS. | ) ) ) ) ) ) | |
| Defendants. | ) | |

### MEMORANDUM AND ORDER

**REAGAN, District Judge:**

James and Melissa Owens (Plaintiffs, except where specificity is needed) have brought suit against Fleet Car Lease, Inc. (FCL), Fleet Car Carriers, Inc., CCJ Auto Transport, Inc., Cottrell, Inc., and Unknown Defendants, alleging that Mr. Owens slipped and fell from a truck or "rig" that these Defendants placed into the stream of commerce. Plaintiffs claim that the rig was unreasonably dangerous and defective. They submit that, as a result of his fall, Mr. Owens sustained physical injuries resulting in, *inter alia*, severe pain and mental anguish, medical expenses and lost time from work. Mrs. Owens asserts a derivative claim for loss of consortium against Defendants.

In November 2009, FCL moved the Court to dismiss Count XI of Plaintiffs' complaint, contending that Illinois law does not recognize an independent claim for relief for willful and wanton conduct (Doc. 16). After careful consideration, the Court concluded that, while willful and wanton conduct may properly be alleged as a basis for liability against governmental entities, officials and employees, and may justify an award of punitive damages, it does not form the basis

for an independent cause of action against the named Defendants. As a result, the Court granted FCL's motion to dismiss Count XI of Plaintiffs' complaint pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. 32). The Court also gave Plaintiffs leave to amend their complaint and replead their remaining causes of action if they determined that amendment was necessary to sufficiently allege willful and wanton conduct to support any particular damages theory.

On February 25, 2010, Plaintiffs filed an amended complaint (Doc. 45). On March 10, 2010, FCL again moved to dismiss Count XI of the amended complaint, asserting that, notwithstanding a new caption, "Negligence/Strict Liability," Count XI of the amended complaint is a verbatim copy of the original Count XI dismissed by this Court (Doc. 51).

The Court has compared Plaintiffs' original and amended complaints and finds that FCL is correct. Rather than complying with the Court's Order, Plaintiffs have simply recaptioned their original claim for willful and wanton conduct as "Negligence/Strict Liability." *Cf.* Doc. 2-1 with Doc. 45. As before, the Court finds that Count XI of Plaintiff's amended complaint must be dismissed because Illinois law does not recognize any independent claim for relief for willful and wanton conduct - however captioned. ***See Ziarko v. Soo Line R.R.* 641 N.E.2d 402, 406 (Ill. 1994) ("There is no separate and independent tort of 'willful and wanton' misconduct.") (citations omitted)**. Accordingly, for the reasons set forth herein and in its January 15, 2010, Memorandum and Order (Doc. 32), the Court **GRANTS** FCL's motion to dismiss Count XI of Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. 51).

In filing an amended complaint alleging claims for relief identical to those previously dismissed by the Court, Plaintiffs have violated this Court's Order, violated Federal Rule of Civil Procedure 15(a)(2) and caused Defendant to expend additional time and to incur additional costs in

moving to dismiss a claim that the Court has already dismissed.  The Court concludes that a monetary sanction may be justified and that Plaintiffs' counsel may be required by the Court to personally satisfy such a sanction if FCL can show that Plaintiffs acted in bad faith or for the improper purpose of causing FCL to incur unnecessary litigation costs.  Accordingly, the Court, in its discretion, **ORDERS** FCL to submit a memorandum setting forth the basis for a monetary sanction and a computation of the excess costs, expenses, and attorneys' fees reasonably incurred because of Plaintiffs' conduct by March 26, 2010.  FCL may also seek fees and costs for filing the required memorandum.  Plaintiffs' response shall be filed within 14 days after FCL files its memorandum.  FCL's reply, if warranted, may be filed within 10 days thereafter.

**IT IS SO ORDERED.**

**DATED this 15th day of March, 2010**

<u>s/Michael J. Reagan</u>
**MICHAEL J. REAGAN**
**United States District Judge**