**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **JAMES OWENS and MELISSA OWENS,**  )<br>)<br>)<br>    **Plaintiffs,**  )<br>)<br>**v.**  )<br>)<br>**FLEET CAR LEASE, INC., FLEET CAR CARRIERS, INC., CCJ AUTO TRANSPORT, INC., COTTRELL, INC., & UNKNOWN DEFENDANTS.**  )<br>)<br>)<br>)<br>)<br>)<br>    **Defendants.**  ) | Case No. 09-cv-0967-MJR |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

    **I. Introduction**

    On November 19, 2009, Fleet Car Lease, Inc., removed James and Melissa Owens have brought suit against Fleet Car Lease, Inc. (FCL), Fleet Car Carriers, Inc., CCJ Auto Transport, Inc., Cottrell, Inc., and Unknown Defendants, alleging that Mr. Owens slipped and fell from a truck or "rig" that these Defendants placed into the stream of commerce. Plaintiffs claim that the rig was unreasonably dangerous and defective. They submit that, as a result of his fall, Mr. Owens sustained physical injuries resulting in, *inter alia*, severe pain and mental anguish, medical expenses and lost time from work. Mrs. Owens asserts a derivative claim for loss of consortium against Defendants.

    On November 25, 2009, FCL moved to dismiss Count XI of the complaint for failure to state a claim upon which relief may be granted, pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. 16). After full briefing, the Court granted the motion, concluding that, while willful and wanton misconduct may properly be alleged as a basis for liability against governmental entities, officials and

1

employees, and may justify an award of punitive damages, it does not form the basis for an independent cause of action against Defendants. Accordingly, the Court granted FCL's motion to dismiss Count XI of the complaint. The Court also gave Plaintiffs leave to amend their complaint and replead their remaining causes of action if they determined that amendment was necessary to sufficiently allege willful and wanton conduct to support any particular damages theory. Memorandum and Order, Doc. 32.

Rather than complying with the Court's Order and amending their complaint to replead any of the remaining 10 counts to allege willful and wanton conduct, Plaintiffs copied verbatim their Count XI "Willful & Wanton" claim and recaptioned it "Negligence/Strict Liability." FCL again moved to dismiss Count XI because it alleged an identical claim for relief to that previously dismissed by the Court (Doc. 51).

On March 15, 2010, the Court determined that in filing an amended complaint alleging claims for relief identical to those previously dismissed by the Court, Plaintiffs violated this Court's Order, violated Federal Rule of Civil Procedure 15(a)(2) and caused FCL to expend additional time and incur additional costs in moving to dismiss a claim that the Court had already dismissed. The Court concluded that a monetary sanction might be justified and that Plaintiffs' counsel might be required by the Court to personally satisfy such a sanction if FCL could show that Plaintiffs acted in bad faith or for the improper purpose of causing FCL to incur unnecessary litigation costs. The Court then ordered FCL to submit a memorandum setting forth the basis for a monetary sanction and a computation of the excess costs, expenses, and attorneys' fees reasonably incurred because of Plaintiffs' counsel's conduct, including fees and costs for filing the required memorandum. The matter is now fully briefed and ready for disposition.

## II. Analysis

Under Rule 11, district courts are empowered to exercise their discretion in imposing an "appropriate" sanction. *Cooter & Gell v. Hartmarx Corp*. **496 U.S. 384, 400 (1990)**. Indeed, the Court may on its own initiative "order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b)." **FED. R. CIV. P. 11(c)(3)**.

**FEDERAL RULE OF CIVIL PROCEDURE 11(b)** states that

> [b]y presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
>> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>>
>> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;...

**Rule 11(c)(1)** states: "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation."

Repleading a claim previously rejected by the Court is the sort of conduct Rule 11 was meant to regulate. *See Serritella v. Markum*, **119 F.3d 506, 507-08 (7th Cir. 1997)**. In *Serritella*, the Seventh Circuit affirmed the district court's imposition of a $1500 monetary sanction where Plaintiff's counsel filed a second amended complaint that contained a claim that was identical to one previously rejected by the court. *Id*. Under analogous circumstances, the First Circuit Court of Appeals upheld the district court's Rule 11 sanctions where the plaintiffs filed a second motion

3

that "consisted of virtually *verbatim* argumentation from the first motion; and plaintiffs had failed to appeal or move for timely reconsideration of the order dismissing the first motion." *Mariani v. Doctors Associates, Inc.*, **983 F.2d 5, 8 (1st Cir. 1993)**.

FCL submits that it has no personal knowledge, information or belief that Plaintiffs intentionally acted in bad faith, vexatiously or for the improper purpose of causing FCL to incur unnecessary litigation costs in connection with the amended complaint. Doc. 58-1, Swartwout Affidavit. FCL submits a computation of costs, expenses and attorneys' fees in the amount of $1,184.00 incurred by FCL in moving to dismiss Count XI of the amended complaint and filing the required memorandum. *Id*.

Plaintiffs respond to FCL's submission and the Court's Order by rearguing their claim that willful and wanton misconduct is a separate cause of action and seeking reconsideration of the Court's Order. Plaintiffs submit that they did not attempt to disguise recaptioning Count XI because they saw no need. They assert that they "legitimately and honestly construed the Court's Order" as allowing them to replead the Count as a different theory. Plaintiffs also contend that should this matter go on appeal, it was "likely necessary" to plead the Count as pled to preserve their claims.

So, first, Plaintiffs take the opportunity to use the Court's Order regarding sanctions as a springboard for a fresh attempt to convince the Court that "willful and wanton conduct" is an independent cause of action, or at least a hybrid between negligent acts and those found to be intentionally tortious. The Court need not consider Plaintiffs' argument because it is beyond the scope of the Court's Order and, if Plaintiffs' wanted to file a motion for reconsideration, they should have filed that motion separately and not as part of the Court-ordered briefing on the appropriateness

of a monetary sanction.

In any case, the Court finds that Plaintiffs' motion for reconsideration is without merit. Although Plaintiffs cite no Federal Rule under which they bring their motion, they base it on errors of law, a basis encompassed by Rule 59(e). **Obriecht v. Raemisch, 517 F.3d 489, 493-94 (7th Cir. 2008) (citing *Osterneck v. Ernst & Whinney,* 489 U.S. 169, 174 (1989) (noting that Rule 59(e) encompasses reconsideration of matters decided on the merits)**. Plaintiffs have alleged no newly discovered evidence and have shown no manifest errors of law or fact. **Pearle Vision, Inc. v. Romm, 541 F.3d 751, 758 (7th Cir. 2008) (citing *Rothwell Cotton Co. v. Rosenthal & Co.,* 827 F.2d 246, 251 (7th Cir. 1987) (noting that the "limited function" of motions for reconsideration is "to correct manifest errors of law or fact or to present newly discovered evidence")**. The Court denies Plaintiffs' motion for reconsideration of its January 15, 2010, Order.

Second, Plaintiffs' concern that they must replead the dismissed claim or be found to have waived the issue on appeal "has no foundation in the law of this Circuit (or any other of which we are aware)." **Serritella, 119 F.3d at 512**. As the Seventh Circuit explained, "[F]ailure to replead a dismissed claim 'is not waiver[.][I]t is prudence and economy [ ] for parties not to reassert a position that the trial judge has rejected. Had the plaintiffs repleaded their ... charge ..., the judge would have dismissed the charge, not only with prejudice but with annoyance.'" *Id*. **(quoting *Bastian v. Petren Resources Corp.,* 892 F.2d 680 (7th Cir. 1990))**.

Thus distilled, the relevant and material portion of Plaintiffs' response is that they attempted to comply with the Court's Order and sincerely felt that changing not the allegations but the theory was precisely what the Court required and intended. The Court sets this submission against the plain language of its Order: "The Court also gives Mr. and Mrs. Owens leave to amend

their complaint and *replead their remaining causes of action* if they determine that amendment is necessary to sufficiently allege willful and wanton conduct to support any particular damages theory" (Doc. 32) (emphasis added). And the Court also takes into consideration FCL's submission that it does not believe that Plaintiffs intentionally acted in bad faith or vexatiously for the improper purpose of causing FCL to incur unnecessary litigation costs - which specifically includes the grounds that the Court set forth for imposing sanctions. Doc. 52 ("The Court concludes that a monetary sanction may be justified and that Plaintiffs' counsel may be required by the Court to personally satisfy such a sanction if FCL can show that Plaintiffs acted in bad faith or for the improper purpose of causing FCL to incur unnecessary litigation costs.").

If Plaintiffs' counsel believed that the Court's order was unclear, they could have sought clarification; if they believed that the Court erred, they could have filed a motion to reconsider. Instead, they filed, *verbatim*, the same claim for relief that was previously dismissed by the Court, simply recaptioning it. For all of the above reasons, the undersigned Judge finds that Plaintiffs' counsel's refiling of Count XI served no purpose but to harass FCL, cause unnecessary delay, increase the cost of litigation and waste the Court's time. Accordingly, it is within the Court's discretion to sanction Plaintiffs' counsel pursuant to **Rule 11(b)(1).**

In selecting an appropriate sanction, the Court is mindful of **Rule 11(c)(4)**, which provides:

> A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.

Here, the Court finds that directing Plaintiffs' counsel to pay all of the reasonable attorneys' fees resulting from their violation is an appropriate sanction and will sufficiently deter the repetition of such conduct, both by Plaintiffs' counsel and other litigants. FCL incurred attorneys' fees in moving to dismiss Count XI of the amended complaint and for the preparation of the required memorandum in the amount of $1,184.00.

In *Hensley v. Eckerhart*, the United States Supreme Court set forth the standard for courts to employ when reviewing fee petitions. **461 U.S. 424, 433-35 (1983)**. The Court explained that the "most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly wage." *Id.* Here, Plaintiffs' counsel challenges neither the number of hours expended nor the hourly wage. Moreover, the Court has reviewed FCL's computation and supporting affidavit, and finds that the fee is reasonable and appropriate, and would not have been incurred without misconduct on the part of Plaintiffs' counsel.

### III. Conclusion

Sanctions in the amount of $1,184.00 are appropriate under the circumstances. The Court directs Plaintiffs' counsel to pay that amount to FCL within 14 days of the date of this Order.

**IT IS SO ORDERED.**

**DATED this 18th day of June, 2010**

s/Michael J. Reagan
**MICHAEL J. REAGAN**
**United States District Judge**